

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,764-01 and -02

### EX PARTE KELVIN GRANT ALEXANDER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 07-02-01683-CR (1) AND 07-08-08026-CR (1) IN THE 359th DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and possession of a controlled substance and he was sentenced to twenty-seven years' and five years' imprisonment, respectively. The Ninth Court of Appeals affirmed his convictions. *Alexander v. State*, Nos. 09-08-00372-CR and 09-08-00373-CR (Tex. App.—Beaumont December 9, 2009) (not designated for publication).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because

he failed to object to the trial court's order to cumulate the sentences in these cases.

The trial court has determined that, because the Applicant's convictions did not arise out of the same criminal episode, the cumulation order did not violate TEX. PENAL CODE § 3.03 (a).[1] We disagree. The trial court's recommendation to deny relief is not supported by the record. The State responds as follows in its footnote 1:

> Given the State's position at trial, it is arguably estopped from claiming in this proceeding that the applicant's two convictions did not arise out of the same criminal episode. *See Hall v. State*, 283 S.W.3d 137, 156 (Tex. App.—Austin 2009, pet. ref'd) ("Judicial estoppel prohibits a party who has taken a position in an earlier proceeding from subsequently taking a contrary position.").

In addition, the State does not dispute the Applicant's allegation it argued at trial the purpose of Applicant's commission of the aggravated robbery was to obtain money to buy the illicit narcotics in question. The record before us indicates the Applicant's commission of the aggravated robbery and his possession of illicit narcotics were part of the same criminal episode and the trial court's entry of the cumulation order was most likely prohibited by § 3.03(a). However, the record does not contain an affidavit from trial counsel addressing Applicant's claim of ineffective assistance in these cases.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294

---

[1] Subsection (a) of the statute states:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 7, 2015
Do not publish